UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

BERT F. ROEHL,

          Plaintiff,

   v.                                                  Case No. 22-cv-0410-bhl

STATE OF WISCONSIN,

          Defendant.

_____

## SCREENING ORDER
_____

      Plaintiff Bert Roehl, who is currently incarcerated at the Shawano County Jail and representing himself, filed a complaint alleging discrimination under the Americans with Disabilities Act (ADA) in connection with his alleged violation of a court-ordered requirement that he install an ignition interlock device (IID) on any vehicle he operates. Dkt. No. 1. He also filed three motions to appoint counsel (Dkt. Nos. 2, 5, 11), and a motion to amend his complaint to include allegations "showing how the Shawano Co. court system has been closed to [him] for over 30 plus years or most of [his] adult life (Dkt. No 11)." The Court will deny Roehl's motions for counsel and will screen his original and proposed amended complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

      Roehl requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Roehl filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and was assessed an initial partial filing fee of $113.10. On

May 25, 2022, he paid the $350 statutory filing fee. Roehl's motion for leave to proceed without prepaying the filing fee will be granted. Because he is proceeding *in forma pauperis*, he does not have to pay the $52 administrative fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT AND PROPOSED AMENDED COMPLAINT

According to Roehl, since 2010 he has been prohibited from operating any motor vehicle that does not have an IID installed. Roehl asserts that this court-ordered requirement violates the ADA because he suffers from heart disease, high blood pressure, anxiety, COPD, asthma, sleep apnea, bleeding ulcers, Type II diabetes, and neuropathy. He explains that a physician asked that Roehl be given an alternative to the IID because he "cannot muster or maintain the breath required to initiate this type [of] device." According to Roehl, as a result of this requirement, he has been "denied the simple benefits of operating a motor vehicle by reason(s) of [his] numerous medical conditions." He states that for the last twelve years he has "been pulled over and stopped, interrogated, questioned and arrested and placed in custody for no other reasons(s) of being discriminated [against] for medical reason(s)." Dkt. No. 1 at 1-2.

Roehl attaches two letters to his complaint. In the first letter, which appears to be directed to an unidentified state court official, he explains that he cannot attend upcoming court hearings because he is currently in jail for having failed to install an IID in his vehicle. He asserts that he should have been exempted from this requirement due to his health conditions. In the second letter, which is addressed to "Judge Russal," he argues that an assistant district attorney's arguments regarding Roehl's bond fail to account for the many issues with the IID requirement, particularly that those with respiratory conditions are unable to use an IID. He asks the judge to find that "any individual(s) with respiratory problems that cannot muster or maintain the breath required to initiate the IID can and may be exempted from having this device in [their] personal

3

vehicle(s) after any circuit court judge by letter carried by the convicted OWI offender can carry in [their] glove box or wallet, such as proof of insurance to show law enforcement that they have been exempt due to medical problems (respiratory) of the reason(s) why they haven't installed the IID device in one[']s vehicle instead of being arrested and incarcerated and bringing further burdens upon other family members." Dkt. No. 1 at 4-10.

In his proposed amended complaint, which Rohel appears to intend as a supplement to his original complaint, Roehl alleges a series of incidents dating back to 1994 that he asserts violated his constitutional rights. He asserts that court officials have destroyed files, civil cases he filed in state court have been "dismiss[ed] before they ever got off the ground," *Miranda* rights were never read to him before, during, or after his arrests, counsel in a criminal case was ineffective, and he was improperly charged. Dkt. No. 11.

## THE COURT'S ANALYSIS

Roehl appears to want to bring a hodgepodge of claims, but for the reasons explained below, his complaint and proposed amended complaints contain numerous deficiencies. Accordingly, the Court will dismiss his current pleadings but also give him an opportunity to file a further amended complaint that complies with all pleading requirements and states one or more legal claims on which relief can be granted. If he chooses to attempt a further amended complaint, Roehl should keep the following principles in mind:

First, a plaintiff cannot use a federal civil case to collaterally attack his state conviction, sentence, or pending charges. It appears that, at least with regard to his ADA claim, this is what Roehl seeks to do. Apparently, more than a decade ago, in connection with a conviction for operating while under the influence, a state court ordered that Roehl install an IID on any vehicle he operates. It is unclear whether this requirement is still in place, but Roehl now seeks damages

4

based on assertions that the court-ordered requirement violated the ADA. In other words, Roehl seeks to invalidate an aspect of his sentence by collaterally attacking it by seeking damages in federal civil case. This he cannot do. The Seventh Circuit recently explained in the context of §1983 claims "why a high bar must be cleared before seeking damages in a civil action on claims that imply the invalidity of a criminal conviction. The [Supreme Court] sought to avoid parallel litigation on the issue of guilt, preclude the possibility of conflicting resolutions arising out of the same transaction, prevent collateral attacks on criminal convictions through the vehicle of civil suits, and respect concerns for comity, finality and consistency." *Savoy v. Cannon*, 947 F.3d 409, 428 (7th Cir. 2020) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Thus, if Roehl wants to invalidate an aspect of his prior sentences or defend against pending charges,[1] he must raise those arguments in state court. He may not pursue in a federal civil case claims that are inconsistent with his prior convictions or pending charges.

Next, the statute of limitations in Wisconsin under §1983 for any violation that allegedly occurred before April 2018 is six years, and the statute of limitations for any violation that allegedly occurred after April 2018 is three years. *See D'Acwuisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) ("The Wisconsin legislature shortened the statute of limitations to three years [from six years], but the effective date of the new statute was April 5, 2018."). Roehl asserts in his proposed amended complaint that "the Shawano Co. court system has been closed to [him] for over 30 plus years . . . ." Constitutional claims that accrued more than six years ago (or three years ago if they accrued after April 2018) are time-barred.

---

[1] According to the Wisconsin Circuit Court Access website, Roehl has four open criminal cases in which he has been charged with violating Wis. Stat. §347.413(1). *See* Wisconsin Circuit Court Access, https://wcca.wicourts.gov/case.html (case search: Shawano County Case Nos. 2021CF340, 2021CF491, 2022CF121, and 2022CF145). That provision prohibits people who have been court-ordered to install an IID from removing, disconnecting, tampering with, or otherwise circumventing the operation of an IID. A judgment in Roehl's favor on his claim that prior court orders that he use an IID violate the ADA would necessarily imply the invalidity of his potential convictions for violating Wis. Stat. §347.413(1).

5

Also, in light of the allegations in Roehl's proposed amended complaint, he is reminded that "[p]rosecutors are absolutely immune from suits for monetary damages under §1983 for conduct that is 'intimately associated with the judicial phase of the criminal process.'" *Smith v. Power*, 346 F. 3d 740, 742 (7th Cir. 2003). "Judicial immunity extends to acts performed by the judge 'in the judge's judicial capacity.'" *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005). And public defenders cannot be sued under §1983 because "a public defender does not act under the color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

Finally, under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Thus, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id*. Moreover, under Rule 20, multiple defendants may be joined into one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20. If Roehl chooses to file an amended complaint, he is cautioned not to include unrelated claims against different defendants as he did in his proposed amended complaint. The Seventh Circuit has advised that such "buckshot complaints" should be "rejected." *George*, 507 F.3d at 607.

Therefore, if Roehl wants to proceed with this lawsuit, he will need to file an amended complaint by **June 8, 2022** that cures the deficiencies identified in this decision. Roehl should draft his proposed amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he

has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the Court can assist him in relation to those events. Roehl should set forth his allegations in short and plain statements; he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Roehl is advised that the amended complaint replaces the prior complaints and must be complete in itself without reference to prior complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If an amended complaint is received, the Court will screen it as required by 28 U.S.C. §1915A. If an amended complaint is not received, the Court will dismiss this case based on Roehl's failure to state a claim in his original and proposed amended complaints.

## MOTIONS TO APPOINT COUNSEL

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Roehl has not satisfied the first requirement as it is not apparent from his motions that he made any attempt to hire a lawyer without the Court's help. To demonstrate he satisfied the first prong, Roehl must show that he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when he attempted to contact each lawyer; and (4) the lawyers' responses. But, even if Roehl had satisfied the first prong, the Court would deny

7

his motions because Roehl has the capacity to represent himself at this early stage of the action. Roehl has already shown that he has the capacity to communicate what happened to him and why he believes he is entitled to relief. Accordingly, the Court concludes that Roehl is able to prepare an amended complaint, which is currently the only task before him.

**IT IS THEREFORE ORDERED** that Roehl's motion for leave to proceed without prepaying the filing fee (Dkt. No. 4) is **GRANTED.**

**IT IS FURTHER ORDERED** that Roehl's motions to appoint counsel (Dkt. Nos. 2, 5, 11) are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Roehl's motion to amend his complaint (which includes his proposed amended complaint) (Dkt. No. 11) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **June 8, 2022**, Roehl shall file an amended complaint curing the defects in the original and proposed amended complaints as described in this decision.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Roehl a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions" along with this order. Roehl must use the form. *See* Civil L. R. 9(b). If he needs additional space, he may attach up to five additional pages.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Roehl is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Roehl is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties, including dismissal of this action.

Dated at Milwaukee, Wisconsin on May 9, 2022.

>s/ *Brett H. Ludwig*
>BRETT H. LUDWIG
>United States District Judge

9