UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BERT F. ROEHL,

        Plaintiff,

    v.                                                              Case No. 22-cv-0410-bhl

JOSH KAUL,

        Defendant.

## SCREENING ORDER

Plaintiff Bert Roehl, who is currently incarcerated at the Shawano County Jail, is representing himself in this action. On May 9, 2022, after concluding that Roehl's complaint and proposed amended complaint failed to comply with various pleading standards, the Court allowed Roehl to file an amended complaint. Roehl availed himself of this opportunity on May 19, 2022. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As the Court explained in its original screening order, in screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### ALLEGATIONS OF THE AMENDED COMPLAINT

Roehl names Wisconsin Attorney General Josh Kaul as the sole Defendant in the caption; however, he also asserts in the body of his amended complaint that "[t]he Circuit Courts of Shawano Co. or A.D.A. Kathern White" violated his rights. He alleges that "each defendant"

counted a non-existent conviction for operating a vehicle while intoxicated (OWI) when deciding to charge him with an OWI-5th. He describes his OWI charges and convictions extending back to the early 1990s. Dkt. No. 13.

Roehl alleges that some unidentified person forged a lawyer's signature in connection with a 1992 OWI action in which he pleaded no contest. He states that in 1998 he was found "guilty by default" on an OWI-2nd or 3rd after the court mistakenly informed him that the courthouse would be closed on the day he was scheduled to appear. He further explains that, in 2000, defense attorney Sharon Gisselmann committed legal malpractice because she failed to collaterally attack a 1998 municipal judgment which formed part of the basis for the OWI-5th charge. He also asserts that Assistant District Attorney White tricked him in 2000 when she promised she would recommend a sentence of one year in the County jail with Huber privileges but then informed the judge that additional charges should be added. Roehl explains that he was sentenced to eighteen months in the state prison system with an additional nine months, but "that's another story." Finally, he asserts that several civil cases he filed were dismissed because he could not afford a lawyer. Dkt. No. 13 at 7-10.

Roehl indicates on the Court's amended complaint form that he is suing under state law and that that the amount of money at stake in this action is $1,000,000,000. In his request for relief, he leaves it "for the jury to decide" how much to award him "for a lifetime of injustices committed by the circuit courts of Shawano Co." He also wants the "D.O.J. and the D.M.V. [to] conform under the Eighth Amendment to the United States of America constitutional rights" or to the Americans with Disabilities Act for individuals with respiratory problems. Roehl notes that, if the federal court is unable to change state law, then it should "at least let a circuit court judge exempt individuals with medical difficulties such as respiratory problems." Dkt. No. 13 at 4.

2

## The Court's Analysis

As was the case with Roehl's original and proposed amended complaints, his amended complaint suffers from numerous deficiencies and must be dismissed. The focus of Roehl's amended complaint appears to be his dissatisfaction with a 2000 OWI-5th conviction, for which he was sentenced to eighteen months in prison followed by another eighteen months of extended supervision. *See State of Wisconsin v. Roehl*, Shawano County Case No. 2000CF121 (*available at* WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/case.html). Because the sentence expired long ago, Roehl seeks only money damages based on his allegation that Assistant District Attorney White improperly charged him because she counted a prior conviction that Roehl alleges should have been invalidated. But, as the Court already explained to Roehl, it has long been held that a plaintiff may not seek money damages in a §1983 suit if a judgment in the plaintiff's favor would necessarily imply the invalidity of a state conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Here, a finding in Roehl's favor on his purported claim against the prosecutor would necessarily invalidate his 2000 OWI-5th conviction. As such, he may not pursue that claim because it is barred by *Heck*.

Further, to the extent Roehl purports to assert claims that are not *Heck*-barred, those claims are barred by the statute of limitations. Roehl references events that occurred decades ago, such as an allegedly forged signature, a finding of guilt by default because he relied on erroneous information, and a failure to inform him of his *Miranda* rights. The Court already explained to Roehl that the statute of limitations in Wisconsin for any alleged violation under §1983 that occurred before April 2018 is six years. As such, any claim that accrued in the late 1990s or early 2000s is time-barred. *See D'Acquisto v. Love*, No. 20-C-1034, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020). Finally, in the caption of his amended complaint, Roehl names Josh Kaul as

the only defendant, but Kaul does not appear to have been involved in any of the alleged misconduct. Under §1983, only an individual who was personally involved in the alleged constitutional violation may be liable. *See Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). Accordingly, Roehl fails to state a claim against Kaul.

On the amended complaint form, Roehl checked the box indicating that he is suing under state law based on diversity jurisdiction. Given Roehl's pro se status, it is unclear whether he understood the significance of checking that box. Roehl and the individuals he references in the caption and body of his amended complaint all appear to be citizens of Wisconsin, so the necessary diversity of citizenship between the parties is lacking. *See* 28 U.S.C. §1332. As such, if Roehl really does want to pursue state law claims against these individuals, he must do so in state court, not federal court.

**IT IS THEREFORE ORDERED** that the claims in Roehl's amended complaint that are *Heck*-barred are **DISMISSED without prejudice** and the remaining claims are **DISMISSED with prejudice**. The Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 25, 2022.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.